BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE HERCULES OFFSHORE, INC., ) | |
| SECURITIES AND DERIVATIVE ) | MDL No. 2285 |
| LITIGATION ) | |

**THE HERCULES DEFENDANTS' RESPONSE TO THE MOTION
OF PLAINTIFF SEAN MATTHEWS FOR TRANSFER OF ACTION
TO SOUTHERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1407
<u>FOR CONSOLIDATED PRETRIAL PROCEEDINGS</u>**

Nominal Defendant Hercules Offshore, Inc. ("Hercules" or the "Company") and Defendants Thomas N. Amonett, Suzanne V. Baer, Thomas R. Bates, Jr., Stephen M. Butz, Terrell L. Carr, Troy L. Carson, Thomas M. Hamilton, Thomas J. Madonna, James W. Noe, Lisa W. Rodriguez, F. Gardner Parker, Thierry Pilenko, John T. Rynd and Steven A. Webster (collectively, the "Hercules Defendants") respectfully submit this response to the Motion of Plaintiff Sean Matthews for Transfer of Action to Southern District of Texas Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings (the "Motion").

BACKGROUND OF THE ACTIONS

These are not the types of cases that typically come before the Panel. Three shareholder derivative actions – only *two* of which are pending in federal court – have been filed alleging that Hercules's failure to garner majority support from the Company's shareholders in its 2011 "say-on-pay" vote *ipso facto* renders the Company's board of directors liable for breaching their fiduciary duties in approving Hercules's 2010 executive compensation.

In 2010, Congress enacted the Dodd-Frank Wall Street Reform and Consumer Protection Act (the "Dodd-Frank Act"), which requires, among other things, public companies like Hercules to hold an advisory "say-on-pay" shareholder vote regarding the company's executive compensation awarded for the prior fiscal year. *See* 15 U.S.C. § 78n-1 (West 2011). The Dodd-Frank Act's reach is limited, however, as the statute expressly provides that a "say-on-pay" vote is advisory in nature and "shall *not* be binding" on a company or its board of directors, and "may *not* be construed" as (i) "overruling a decision" by the company or its board, (ii) "to create or imply any change to the fiduciary duties" of the company or its board, or (iii) "to create or imply any additional fiduciary duties" for the company or its board. *Id.* § 78n-1(c). Notwithstanding this express language of the Dodd-Frank Act, several overeager plaintiffs and

law firms have filed complaints in state and federal courts around the country against the boards of directors of various companies challenging each company's executive compensation decisions following a negative "say-on-pay" vote.  To date, derivative actions challenging negative "say-on-pay" votes are pending against nine different companies.  Motions to dismiss have been filed in several of those cases, including the "say-on-pay" cases against Hercules.[1]  No court has yet ruled on the merits (or clear lack thereof) of these types of claims.

Here, only two actions challenging Hercules's 2011 executive compensation decisions are pending in federal court.  Plaintiff Raul filed his action alleging claims for breach of fiduciary duty and for violation of the federal securities laws in Delaware District Court on June 22, 2011 (the "Delaware Action").  *See Raul v. Rynd*, C.A. No. 1:11-cv-560-LPS (D. Del.).  Plaintiff Matthews, after learning of the pendency of the Delaware Action, filed a virtually identical lawsuit in the Southern District of Texas (the "Texas Federal Court Action" and, together with the Delaware Action, the "Federal Court Actions") nearly a month later, on July 21, 2011.  *See Matthews v. Rynd*, C.A. No. 4:11-cv-2706 (S.D. Tex.).  A third action – which predates both federal court cases – was filed by plaintiff Matthews in Texas state court (the "Texas State Court Action") and asserts only state-law claims for breach of fiduciary duty  and unjust enrichment against the Hercules Defendants, and for aiding and abetting and breach of contract against the Company's compensation consultant, Frederic W. Cook & Co., Inc.  Thus, contrary to Plaintiff Matthews' papers, *see* Brief in support of the Motion at 2 n.1, the Delaware Action is the first-filed of the two federal court actions.

---

[1] The Texas Rules of Civil Procedure do not provide for motions to dismiss.  Thus, in the state court action pending against Hercules in Harris County, Texas (described below), the named defendants filed special exceptions making arguments identical to those that would have been made had the case been filed in federal court or another state court.

The Hercules Defendants have moved to dismiss the claims against them in their entirety in both the Delaware Action and the Texas State Court Action on two grounds.[2]  *First*, Plaintiffs have not met the stringent pleading requirements of Federal Rule of Civil Procedure 23.1 because they failed to either make a demand on the Hercules Board of Directors (the "Board") or to plead with particularity why demand is futile and should be excused.  Under Delaware law, which governs Plaintiffs' fiduciary duty claims, demand will only be excused if the complaint alleges particularized facts that (1) raise a reasonable doubt as to whether a majority of the board was independent and disinterested, or (2) tend to establish that the challenged transaction could not have been the product of the board's valid business judgment. *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000).  Because none of the complaints at issue plead facts sufficient to raise a reasonable doubt about the Hercules directors' independence or disinterestedness, demonstrate bad faith or disloyalty, or rebut the business judgment rule, demand is required before these actions can be brought.  *Second*, Plaintiffs have failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) because the complaints do not allege facts sufficient to show that the Hercules Defendants (i) breached their fiduciary duty of loyalty in approving the Company's 2010 executive compensation or in issuing allegedly materially false and misleading statements in the Company's March 25, 2011 Definitive Proxy Statement (the "Proxy Statement"), (ii) violated Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange

---

[2]   Copies of the brief filed in support of the Hercules Defendants' motion to dismiss the Delaware Action and the brief filed in support of the Hercules Defendants' special exceptions to the complaint in the Texas State Court Action are attached hereto as Exhibits A and B, respectively.  In response to the complaint in the Texas Federal Court Action, the Hercules Defendants intend to file a motion to dismiss and supporting brief on or before August 19, 2011.

Act") by allegedly making materially false and misleading statements in the Proxy Statement, or (iii) violated any rule or regulation under the federal securities laws which would allow Plaintiffs to void the executive employment contracts under Section 29(b) of the Exchange Act,[3] or (iv) were unjustly enriched in any way, particularly given the existence of employment contracts that govern the Hercules executives' compensation. Briefing on the Hercules Defendants' motion in the Delaware Action is nearly complete and will be underway shortly in the Texas Federal Court Action. A dispositive ruling by either federal court dismissing the case for failure to make demand will have *res judicata* effect and be binding in all actions. *See, e.g.*, *In re Sonus Networks, Inc.*, 422 F. Supp. 2d 281, 285, 291 (D. Mass. 2006); *West Coast Mgmt. & Capital, LLC v. Carrier Access Corp.*, 914 A.2d 636, 644 (Del. Ch. 2006).

## ARGUMENT

I. THE HERCULES DEFENDANTS DEFER TO THE PANEL AS TO WHETHER THE TEXAS AND DELAWARE ACTIONS SHOULD BE CONSOLIDATED AND WHERE THE CASES SHOULD PROCEED IF CONSOLIDATION IS ORDERED.

Because 2011 is the first year in which "say-on-pay" votes have been held, the issues raised in the Federal Court Actions are ones of first impression under Delaware law. For the reasons articulated in their brief in support of their motion to dismiss the Delaware Action, the Hercules Defendants feel strongly that the claims are wholly without merit and will never make it beyond the pleading stage.

These are not classic Multidistrict Litigation ("MDL") cases. The Federal Court Actions are shareholder derivative claims, and the factual record on which Plaintiffs' claims are based is neither overly involved nor complex. Furthermore, only two district court cases are

---

[3] The Delaware Action does not include a claim under Section 29(b) of the Exchange Act.

pending. And, dispositive motions are close to being fully briefed in the Delaware Action, with a dispositive motion in the Texas Federal Court Action to be filed on August 19, 2011.

Given that the Federal Court Actions do not bear the hallmarks of typical MDL litigation, the real impetus behind the filing of the instant Motion appears to be nothing more than jockeying among the plaintiffs and their counsel for lead plaintiff and lead counsel status. The shareholder plaintiffs in the Delaware Action and the Texas Federal Court Actions are different individuals represented by different law firms. Because the Delaware Action is first-filed, plaintiff Matthews could conceivably find himself (and his counsel) left behind if the case in Delaware were to proceed more quickly than its counterpart in Texas federal court.

While the Hercules Defendants do not sanction the use of the MDL statute or rules as ammunition in the battle among the plaintiffs and their counsel for lead status, the Hercules Defendants take no position on whether the two Federal Court Actions should be consolidated. Should the Panel be inclined to consolidate the Delaware Action and the Texas Federal Court Action, the Hercules Defendants are fully prepared to litigate their motion to dismiss in either forum and respectfully defer to the Panel's decision as to where the consolidated action should proceed.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ William M. Lafferty*<br>William M. Lafferty (#2755)<br>Susan W. Waesco (#4476)<br>Ryan D. Stottmann (#5237)<br>Angela C. Whitesell (#5547)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>wlafferty@mnat.com<br>swaesco@mnat.com<br>rstottmann@mnat.com<br>awhitesell@mnat.com<br>   *Attorneys for John T. Rynd, James W. Noe, Stephen M. Butz, Troy L. Carson, Terrell L. Carr, Lisa W. Rodriguez, Thomas N. Amonett, Thomas J. Madonna, F. Gardner Parker, Suzanne V. Baer, Steven A. Webster, Thomas R. Bates, Jr., Thomas M. Hamilton, Thierry Pilenko and Hercules Offshore, Inc.* |
| OF COUNSEL:<br><br>BAKER BOTTS LLP<br>David D. Sterling<br>S. Joy Dowdle<br>Christie A. Mathis<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, Texas 77002-4995<br>(713) 229-1234<br>david.sterling@bakerbotts.com<br>joy.dowdle@bakerbotts.com<br>christie.mathis@bakerbotts.com<br><br>August 16, 2011 | |